IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SIONA FRUEAN AND CARLEEN LEINA'ALA FRUEAN,<br><br>      Plaintiffs,<br><br>  vs.<br><br>BANK OF NEW YORK MELLON, as TRUSTEE FOR THE BENEFIT OF ALTERNATIVE LOAN TRUST 2007-7T2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-7T2; BAC HOME LOANS SERVICING, LP; BANK OF AMERICA, N.A., fka COUNTRYWIDE BANK, FSB; and COUNTRYWIDE HOME LOANS, INC.,<br><br>      Defendants. | CV. NO. 10-00762 DAE-BMK |

ORDER AFFIRMING MAGISTRATE JUDGE KURREN'S ORDER
GRANTING DEFENDANT BANK OF NEW YORK MELLON'S MOTION FOR
<u>RELIEF FROM THE ENTRY OF DEFAULT FILED FEBRUARY 16, 2011</u>

      Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiffs Siona Fruean and Carleen Leina'ala Fruean ("Plaintiffs")'s Appeal from Magistrate's Order entered June 6, 2011 Granting Bank of New York Mellon's Motion for Relief from the Entry of

Default Filed February 16, 2011 (Doc. # 28) and the supporting and opposing memoranda, the Court AFFIRMS the magistrate judge's decision.

BACKGROUND

On December 21, 2010, Plaintiffs filed a Complaint against Defendants Bank of New York Mellon ("BONYM"), BAC Home Loans Servicing, LP ("BAC"), Bank of America, N.A., fka Countrywide Bank, FSB ("BofA"), and Countrywide Home Loans, Inc. ("Countrywide") (collectively, "Defendants"), alleging that Plaintiffs have suffered serious personal, pecuniary, and emotional harm as a result of Defendants actions relating to two mortgage transactions. ("Compl.," Doc # 1 ¶ 81.) Plaintiffs allege that they served the summons and Complaint on BONYM by certified mail, return receipt on January 3, 2011, at the address listed for BONYM in the Notice of Mortgagee's Intention to Foreclose Under Power of Sale. (Appeal, "App.," Doc. # 28 at 3–4.) BONYM alternatively argues that the address where Plaintiffs mailed the summons and Complaint, in an attempt to serve BONYM, is actually the address for defendant BAC. (Response, "Resp.," Doc. # 29 at 2.) BONYM further states that it did not instruct BAC to accept service of the Complaint on behalf of BONYM in this matter, thus proper service was not made on BONYM. (Id. at 3.)

Due to the disagreement on whether or not Plaintiffs had properly served BONYM, on January 27, 2011, BONYM's counsel requested from Plaintiffs' counsel the return receipt from January 3, 2011 showing proof of service. (App. at 4; Resp. at 3.) Plaintiffs' counsel faxed to BONYM's counsel a copy of the return receipt reflecting the January 3, 2011 mailing. (Id.) BONYM states that upon a review of the return receipt, its counsel determined that the incorrect address had been used and that service on BONYM was improper. (Resp. at 3.) BONYM's counsel informed Plaintiffs' counsel of this, to which Plaintiffs' counsel responded that service was in fact proper. (App. at 4.)

The remaining Defendants, excluding BONYM, filed a Motion to Dismiss on January 27, 2011. (Doc. # 5.) On May 18, 2011, BONYM filed a Motion for Joinder regarding the remaining Defendants' Motion to Dismiss. (Doc. # 23.)

On February 16, 2011, Plaintiffs filed a Request for Entry of Default as to BONYM, which was entered by the clerk on the same day. (Doc. # 8.) On February 22, 2011, BONYM's counsel requested that the default be set aside, and Plaintiffs declined to do so. (App. at 5.) On April 7, 2011, BONYM filed a Motion to Set Aside Default as to Defendant The Bank of New York Mellon Filed on February 16, 2011 ("Motion to Set Aside Default"). ("MSAD," Doc. # 14.) On

April 25, 2011, Plaintiffs filed an Opposition to BONYM's Motion to Set Aside Default. (Doc. # 17.) BONYM filed a Reply in support of their Motion to Set Aside Default on May 2, 2011. (Doc. # 19.)

On May 16, 2011, Magistrate Judge Barry M. Kurren heard BONYM's Motion to Set Aside Default. (Doc. # 21.) On June 6, 2011, Judge Kurren issued the Order Granting Defendant Bank of New York Mellon's Motion for Relief from Entry of Default Filed February 16, 2011 ("June 6th Order"). ("BMK Order," Doc. # 27.) On June 13, 2011, Plaintiffs filed the instant Appeal from the June 6th Order. ("Appeal"). (App., Doc. # 28.) On June 23, 2011, BONYM filed a Response regarding Plaintiffs' Appeal ("Response"). (Resp., Doc. # 29.) On June 29, 2011, Plaintiffs filed a Reply Memorandum in Support of their Appeal. (Reply, Doc. # 32.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear and decide a pretrial matter pending before the court. The decision of the magistrate judge on non-dispositive matters is final. <u>Bhan v. NME Hosp., Inc.</u>, 929 F.2d 1404, 1414 (9th Cir. 1991). However, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure ("FRCP") 72(a), and Local Rule 74.1, any party may appeal to the district court any pretrial nondispositive matter

4

determined by a magistrate judge. The district judge may only reverse such an order if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 74.1; see Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004); see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).

The threshold of the "clearly erroneous" test is high. See Boskoff v. Yano, 217 F. Supp. 2d 1077, 1084 (D. Haw. 2001) ("Under the 'clearly erroneous' standard, the lower court's ruling must be accepted unless, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed." (citation and quotations omitted)); accord United States v. Silverman, 861 F.2d 571, 576–66 (9th Cir. 1988). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City & Cnty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991).

"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 674 (D. Haw. 2008); see Hunt v. Nat'l Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

## DISCUSSION

For the reasons set forth below, the Court concludes that Magistrate Judge Kurren's ruling was neither clearly erroneous nor contrary to law. Therefore, the Court affirms the June 6th Order granting BONYM relief from the entry of default.

Pursuant to FRCP 55(c), "[t]he court may set aside an entry of default for good cause shown [,]" and has broad discretion in deciding whether such action is warranted. See Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). In determining whether good cause exists to set aside an entry of default, the Court should consider: "(1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; and (3) whether reopening the default judgment would prejudice [the plaintiffs]." Franchise Holding II, LLC v. Huntington Restaurant Groups, Inc., 375 F.3d 922, 925–26 (9th Cir. 2004) (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001)). "This tripartite test is disjunctive," Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988), thus a court may deny a motion to set aside an entry of default if any of these factors are true. The party seeking to set aside default bears the burden of establishing that these factors favor setting aside default. Franchise Holding II, LLC, 375 F.3d at 926.

I.     Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and <u>intentionally</u> failed to answer." <u>TCI Group</u>, 244 F.3d at 697 (emphasis in original) (quoting <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988)). The Ninth Circuit explains that "in this context, the term 'intentionally' means that a [defendant] cannot be treated as culpable simply for having made a conscious choice not to answer; rather to treat a failure to answer as culpable, the [defendant] must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" <u>U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle</u>, 615 F.3d 1085, 1092 (9th Cir. 2010) (citing <u>TCI Group</u>, 244 F.3d at 697). The Ninth Circuit has "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." <u>Mesle</u>, 615 F.3d at 1092 (citing <u>TCI Group</u>, 244 F.3d at 698).

In granting BONYM's Motion to Set Aside Default, Judge Kurren considered the Rule 55(c) standard and determined that BONYM did not engage in any culpable conduct, because there is a genuine issue as to whether service was

properly made. From its own review of the record of this case, the Court finds that Judge Kurren's decision was neither clearly erroneous or contrary to law. From the record, it is clear that there was great confusion and ambiguity surrounding service upon BONYM. Plaintiffs insist that the address where they mailed the Complaint and summons to BONYM was correct, while BONYM's counsel insists that the same address is that of BAC, and not BONYM.

Plaintiffs argue that regardless of the alleged service issues, BONYM had actual notice of the Complaint and summons in this case, and wilfully chose not to answer. (App. at 9.) Actual notice is irrelevant, however, where Plaintiffs are unable to show an <u>intentional</u> failure to answer. See <u>Mesle</u>, 615 F.3d at 1093. In <u>Mesle</u>, the Ninth Circuit held that the district court erred where it found the defendant's conduct to be culpable because he had actual or constructive notice of the filing of the action and failed to answer, without analyzing whether that failure was intentional. Here, there is no showing that BONYM "intentionally" failed to answer the Complaint due to bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." <u>TCI Group</u>, 244 F.3d at 697. Indeed, BONYM's failure to answer the Complaint was based in its belief that service was not proper. This fails to meet the threshold for "typically" culpable behavior where "there is <u>no</u>

8

explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." Id. at 698. Thus, these findings support Judge Kurren's determination that "[BONYM] did not engage in culpable conduct that led to the entry of default." (BMK Order at 2.)

II. Meritorious Defense

The Ninth Circuit has held that demonstrating the existence of a meritorious defense requires that a party show more than mere conclusory allegations, and "must present specific facts that would constitute a defense," if the litigation was permitted to proceed against the moving defendant. TCI Group, 244 F.3d at 700 (quoting Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969)). "A mere denial without facts to support it is not enough to justify vacating a default or default judgment." Franchise Holdings, 375 F.3d at 926 (quoting Madsen, 419 F.2d at 6) (internal citations omitted). The Court notes, however, that the burden on the party moving to vacate a default judgment "is not extraordinarily heavy"; the only requirement is that "a sufficient defense is assertable" and that litigation of the claims would not be "a wholly empty exercise." TCI Group, 244 F.3d at 700 (citations and quotations omitted).

In granting BONYM's Motion to Set Aside Default, Judge Kurren considered the Rule 55(c) standard and determined that BONYM has meritorious

defenses against Plaintiffs' claims. Upon an independent review of the record, the Court determines that Judge Kurren's decision was neither clearly erroneous or contrary to law. Plaintiffs argue that BONYM "has merely asserted in general terms that it has defenses," and that it "has not shown or even alleged any specific facts at all to support any defenses." (App. at 12.) BONYM alternatively claims that its defenses are laid out in both BAC, BofA and Countrywide's Motion to Dismiss to which BONYM has filed a Motion for Joinder, as well as in BONYM's original Motion to Set Aside Default. (Resp. at 9.) Specifically, in its Motion to Set Aside Default, BONYM argues that it has several meritorious defenses including that Plaintiffs' TILA claims are barred by the statute of limitations, that HAMP fails to provide a private cause of action, and that Plaintiffs' claims fail to identify specific statements made by Defendants, the identities of persons who made such statements, and how any such conduct relates to BONYM. (MSAD at 6–7.)

The Court agrees that BONYM's Motion to Set Aside Default points to several defenses, and provides concrete bases for disputing Plaintiffs' claims. Therefore, the Court affirms Judge Kurren's finding that BONYM has meritorious defenses against Plaintiffs' claims.

III. Prejudice to Plaintiff

In order to determine whether setting aside default would be prejudicial to a plaintiff, a court must look at whether the plaintiff's ability to pursue his claim will be hindered. TCI Group, 244 F.3d at 701. "To be prejudicial, the setting aside of a judgment must result in greater harm that simply delaying resolution of the case." Id. Rather, the hindrance must be a tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. Id.

Judge Kurren determined that granting BONYM relief from the entry of default would not prejudice Plaintiffs because Plaintiffs claims are not time sensitive and because "[t]he mere fact that the nondefaulting party will be required to prove his case without the inhibiting effect of the default upon the defaulting party does not constitute prejudice which should prevent a reopening." (BMK Order at 2–3) (citing BDM, Inc. v. Sageco, Inc., 549 P.2d 1147, 1150 (Haw. 1976)).

Plaintiffs, in their appeal, do not argue that the June 6th Order was incorrect in determining that Plaintiffs suffer no prejudice by setting aside the entry of default against BONYM. Indeed, without any evidence that Plaintiffs

would suffer tangible harm if default against BONYM were set aside, the Court supports Judge Kurren's findings.

IV. <u>Reasonable Time</u>

Finally, default is properly set aside where a party acts within a reasonable amount of time and establishes a valid basis for relief. <u>S.E.C. v. Internet Solutions for Business Inc.</u>, 509 F. 3d 1161, 1164–65 (9th Cir. 2007). Plaintiffs argue that "even assuming BONYM had a colorable claim, it delayed filing its motion well past the time allowed for answer," which according to Plaintiffs, is 21 days. (App. at 12.) In other words, Plaintiffs seek to extend the 21 day deadline for answering a complaint to also apply a 21 day deadline between when default is entered and the filing of a motion to set aside default. BONYM counters that they were never and still have not been served, and additionally argue that "there are no time restrictions on a motion to set aside default." (Resp. at 15)

Indeed, the Court rejects Plaintiffs argument that BONYM should have filed its Motion to Set Aside Default within 21 days of the date default was entered. There is no case law to suggest that Courts have analogized the 21 day deadline for filing an answer to a 21 day deadline for filing a motion to set aside default in instances where default has been entered. Here, default was entered on February 16, 2011, and BONYM filed its Motion to Set Aside Default less than 2

months later on April 7, 2011. The Court finds that period of time reasonable given the facts in the case, and thus concludes that BONYM's Motion to Set Aside Default was filed within a reasonable period of time.

## CONCLUSION

For all of the reasons stated above, Magistrate Judge Kurren's ruling granting BONYM relief from default was neither clearly erroneous nor contrary to law. Accordingly, the Court AFFIRMS Judge Kurren's June 6th Order. (Doc. # 27.)

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 22, 2011.



_____
David Alan Ezra
United States District Judge

Fruean v. Bank of New York Mellon et al., CV. No. 10-00762 DAE-BMK ORDER AFFIRMING MAGISTRATE JUDGE KURREN'S ORDER GRANTING DEFENDANT BANK OF NEW YORK MELLON'S MOTION FOR RELIEF FROM THE ENTRY OF DEFAULT FILED FEBRUARY 16, 2011